# In the United States Court of Federal Claims

No. 15-101C
(Filed: July 28, 2015)

ORIGINAL

FILED
JUL 28 2015
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**HAROLD KEENE,**

      Plaintiff,

      v.

**THE UNITED STATES,**

      Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss the Complaint. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

    Plaintiff pro se Harold Keene, also identifying himself as Harold King and Stan Marks, is incarcerated at the Eastham State Prison in Lovelady, Texas. Compl. 1. Plaintiff alleges that on or about May 24 or 25, 1992, he was "detained for a possible connection with a bank robbery," and that during his detention, the Federal Bureau of Investigation ("FBI") searched his vehicle and seized $6800 from him. Id. Plaintiff states that upon his release three days later, after charges were dropped, his funds were not returned. Id.

    Plaintiff requests that this Court "locate [his] funds and/or send [him his] money via check A.S.A.P," or furnish him "complete instructions" on how to obtain his $6800. Id. at 2. Plaintiff filed his Complaint in this Court on January 30, 2015.

### Discussion

    Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v.

United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the Complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (internal citation and quotation marks omitted). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The United States is immune from suit, save by consent, which "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity by the United States must be "strictly construed . . . in favor of the sovereign." Dep't of the Army v. Blue Fox, 525 U.S. 255, 261 (1999).

The Tucker Act, 28 U.S.C. § 1491(a)(1), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is a jurisdictional statute, and does not create a substantive right to money damages against the United States. United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted). The substantive right to money damages must extend from the Constitutional provision, statute, or regulation giving rise to the claim. See United States v. Mitchell, 463 U.S. 206, 216-17 (1983) ("[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" (quoting Testan, 424 U.S. at 400)).

Plaintiff alleges that while detaining him for questioning about a bank robbery, the FBI took $6800 from him and failed to return this money to him upon his release. However, this Court does not have jurisdiction to hear claims arising out of a search and seizure, as the Fourth Amendment is not money-mandating. See LaChance v. United States, 15 Cl.Ct. 127, 130 (1988) ("[T]he fourth amendment does not mandate the payment of money by the United States . . . . As a consequence, this court . . . cannot assert jurisdiction over . . . claims based on the fourth amendment search and seizure provisions . . . .").

Although this Court has jurisdiction over takings claims pursuant to the Fifth Amendment, which requires compensation for property taken for public use, Plaintiff has not alleged facts giving rise to a Fifth Amendment taking. It is well established that "[p]roperty

seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." See, e.g., AmeriSource Corp. v. United States, 525 F.3d 1149, 1153 (Fed. Cir. 2008).

Even if the Court were to construe Plaintiff's claim as an exaction claim within this Court's jurisdiction, any such claim would be subject to dismissal. In order to state a claim for an illegal exaction, a plaintiff must allege that he "has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996) (internal citation and quotation marks omitted); see also Norman v. United States, 429 F.3d 1081, 1095 (Fed. Cir. 2005); Clapp v. United States, 127 Ct. Cl. 505, 512-13 (1954) (finding that an illegal exaction occurs when "the Government has the citizen's money in its pocket, and pleads the illegal acts of its officials as an excuse for keeping it there").

A claim for an illegal exaction, as any claim brought under the Tucker Act, must be filed within six years of the claim's first accrual. 28 U.S.C. § 2501 (2006); see John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354 (Fed. Cir. 2006). This is a jurisdictional requirement that cannot be waived. Id. at 1354. "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit . . . ." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). Plaintiff states that he was detained by the FBI "on or about May 24th/25th 1992," and was released from custody three days later, when his money was not returned to him. Compl. 1. Under § 2501, Plaintiff's claim for the return of his seized funds filed some 17 years after this claim had accrued is time-barred.

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss this action.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge